**Thimesch Law Offices**
TIMOTHY S. THIMESCH, Esq. (No. 148213)
GENE FARBER, Esq. (No. 44215) - Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94597-3457
Telephone: (925)588-0401

Attorneys for Plaintiffs
HUGH MARSH and NEVA LEMA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HUGH MARSH and NEVA LEMA,

     Plaintiffs,

v.

GRAND KYOTO HOTEL; LITTLE
TOKYO PARTNERS, L.P.; LITTLE
TOKYO PARTNERS, LLC;
CRESTLINE HOTELS AND RESORTS,
INC.; and DOES 1 THROUGH 50,
Inclusive,

     Defendants.

CASE NO. CV10 1511 PA (AGRx)

Civil Rights

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES**: DENIAL OF CIVIL
RIGHTS OF A DISABLED PERSON IN
VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT, AND IN
VIOLATION OF CALIFORNIA'S
DISABLED RIGHTS STATUTES

**DEMAND FOR JURY TRIAL**

[Proper Intradistrict
Assignment: Western/Los
Angeles]

Plaintiffs HUGH MARSH and NEVA LEMA, on behalf of
themselves and other similarly situated disabled persons, hereby
complain of defendants GRAND KYOTO HOTEL; LITTLE TOKYO PARTNERS,
L.P., a Delaware Limited Partnership registered to do business
in California; LITTLE TOKYO PARTNERS, LLC, a foreign entity not
registered in California; CRESTLINE HOTELS AND RESORTS, INC., a
Delaware Corporation doing business in California; and DOES 1
THROUGH 50, Inclusive (hereafter "defendants"), and demand a
trial by jury, and allege as follows

Complaint for Injunctive Relief and Damages

**INTRODUCTION**

1.    Defendants own, operate and/or lease the subject Grand Kyoto Hotel, a 434 room luxury hotel located at 120 South Los Angeles Street in Los Angeles, California.  Plaintiff HUGH MARSH, a resident of Santa Barbara, is a person whose disability requires the uses a wheelchair for mobility.   He has a preference for the GRANDY KYOTO (formerly known as the "New Otani") when in town for the Opera and for other personal business.  Plaintiff NEVA LEMA is a person of short statute with disabilities who also requires the use of a wheelchair for mobility.   She additionally has a short-term, semi-ambulatory ability through the use of hand crutches.   She travels frequently to Los Angeles for business and personal reasons, often staying at the Grand Kyoto.

2.    This is a suit to require defendants to remediate the Grand Kyoto so that it fully accessible and usable by persons with disabilities such as plaintiffs.   Defendants maintain barriers at their paths of travel, parking, lobby, guestrooms and other amenities that make these facilities inaccessible to physically disabled persons who use wheelchairs and crutches, including plaintiffs.   Most humiliatingly, the designated disabled accessible guestrooms themselves, which do not offer equal privileges, are inadequate in number, and are not spread across the full range of accommodations offered by the hotel.

3.    Construction alterations carried out at this facility triggered access requirements under California law, as well as under the requirements of the Americans With

Disabilities Act of 1990.  As described herein below, plaintiffs seek injunctive relief to require that the subject Grand Kyoto which they each visited and were unable to enter and use on a full and equal basis, be made accessible to disabled persons to meet the requirements of both California law and the Americans With Disabilities Act of 1990.  Plaintiffs also seek deterrence damages for violation of their Civil Rights for each date of specific deterrence until such date as defendants bring their public facilities into full compliance with the requirements of California and federal law.

**JURISDICTION AND VENUE**

4.   This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code Sections 19955 *et seq*., including Section 19959; Title 24 California Code of Regulations; and California Civil Code Sections 54 and 54.1 *et seq*.

5.   Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that plaintiffs' causes of action arose in this district.

6.   **Intradistrict Jurisdiction.**   Under Local Rules, this case should be assigned to the Western Intradistrict in Los

1   Angeles as the real property that is the subject of this action

2   is located in the Western Intradistrict and plaintiffs' causes

3   of action arose in the Western Intradistrict (a property located

4   in downtown Los Angeles).

5

6   **PARTIES**

7           7.    Plaintiffs each qualify as "a person with a

8   disability," because of their required use of a wheelchair for

9   mobility, or, in the case of Neva Lema, through her additional

10  short term ability to utilize hand crutches.    Plaintiffs are

11  informed and believe that each of the defendants herein,

12  including Does 1-50, is the owner, constructive owner,

13  beneficial owner, successor-owner or successor-in-interest,

14  purchaser, trust, trustee, agent, ostensible agent, alter ego,

15  master, servant, employer, employee, representative, franchiser,

16  franchisee, joint venturer, partner, associate, parent company,

17  subsidiary, department, representative, or such similar

18  capacity, of each of the other defendants, and was at all times

19  acting and performing, or failing to act or perform, within the

20  course and scope of his, their or its authority as owner,

21  constructive owner, beneficial owner, successor-owner or

22  successor-in-interest, purchaser, agent, trust, trustee,

23  ostensible agent, alter ego, master, servant, employer,

24  employee, representative, franchiser, franchisee, joint

25  venturer, partner, associate, parent company, subsidiary,

26  department, representative, or such similar capacity, and with

27  the authorization, consent, permission or ratification of each

28  of the other defendants, and is responsible in some manner for

the acts and omissions of the other defendants in proximately causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of each defendant and Does 1-50, are ascertained.

8.   Plaintiffs allege on information and belief that at all relevant times, defendants either were and/or now are the owners, operators, lessors and/or lessees of the public accommodation, also know as the Grand Kyoto, located at or near 120 South Los Angeles Street, Los Angeles, California.

9.   The facilities of this business, including its parking, entrances, grounds, gardens, restaurants, guestrooms, and other public facilities and amenities are each a "public accommodation or facility" subject to the requirements of California Health & Safety Code Sections 19955 et seq. and of the California Civil Code Sections 54, 54.1, and 54.3.  At all times relevant to this complaint, defendants have held these facilities open to public use.  Such facilities also constitute "public accommodations" or "commercial facilities" subject to the requirements of Sections 302 and 303 of the Americans with Disabilities Act of 1990.

**FACTUAL STATEMENT**

10. Defendants are required by law to provide accessible facilities on each occasion that "alterations, structural repairs or additions" were performed to such

---

1    facilities  pursuant  to  legal  standards  then  in  effect,  per

2    Section 19959 of the Health & Safety Code, and under Section 303

3    of  the  Americans  With  Disabilities  Act  (which  governs  "new

4    construction" and "alterations").

5         11.  On  information  and  belief,  each  such  facility

6    has,  since  July  1,  1970,  been  newly  constructed,  and/or

7    undergone "alterations, structural repairs, and additions," each

8    of  which  has  subjected  the  defendants  and  the  subject  hotel's

9    public  facilities  to  disabled  access  requirements  of

10   Section 19959 Health & Safety Code, Title 24 of the California

11   Code  of  Regulations,  and/or,  for  such  work  occurring  since

12   January  26,  1992,  to  the  requirements  of  Section 303  of  the

13   Americans With Disabilities Act.

14        12.  Plaintiffs  allege  they  have  been  denied  access,

15   or have suffered deterrence, by the following barriers:

16             (a)  There  is  no  accessible  path  of  travel  from

17   the  public  sidewalk  and  boundary  of  the  site  to  the  valet  area

18   and  main  lobby  entrances,  and  the  hotel  lacks  signage  as  to  the

19   accessible route.

20             (b)  The  unloading  and  valet  area  are  improperly

21   configured and sloped for disabled access.

22             (c)  The  parking  garage  containing  approximately

23   400 spaces does not have an adequate number of disabled parking

24   spaces,  and  has  no  van  accessible  spaces.   The  existing  spaces

25   are  improperly  configured  and  sloped,  and  lack  required  signage.

26             (d)  The  high  registration  counter,  which  is

27   configured  only  with  a  hidden,  unsigned  and  part-time  roll  out

28   shelf, violates Title 24.

1          (e)   The   staircases   and   ramps   throughout   the

2  hotel lack improper handrails and returns.

3          (f)   The   pedestal   dining   tables   in   the   hotels'

4  five restaurants and the hotel lounge lack required knee space.

5          (g)   The   hotel   gardens   lack   a   vertical   means   of

6  access   to   the   upper   garden   and   viewing   area,   as   well   as   to   a

7  courtyard at the lower level of the garden.

8          (h)   The       designated       disabled       accessible

9  guestrooms   are   insufficient   in   number   and   not   reasonably   spread

10  across   the   full   range   of   accommodations,   including   the   hotels'

11  luxury suites.

12          (i)   The   facilities   of   the   designated   disabled

13  accessible   guestrooms   are   unusable   by   disabled   persons   in

14  multiple respects, including, but not limited to:

15          (1)   The   restrooms   entrance   door   lacks

16  required clear width.

17          (2)   The   interior   door   landing   lacks

18  required strike edge clearance.

19          (3)   The   restroom   lacks   a   required   turning

20  space.

21          (4)   The   restroom's   lavatory   lacks   required

22  knee   clearance,   clear   floor   space   in   front   of   the   lavatory,   and

23  the hot water feed and waste pipe are not insulated.

24          (5)   The   water   closet   lacks   required   front

25  transfer   space,   lacks   a   required   grab   bar,   has   an   improper

26  centerline,   and   the   seat   height   is   too   low.   Use   of   the   side

27  grab bar is obstructed by the house telephone.

28          (6)   The   towel   rack   is   mounted   too   high   and

1   obstructs the front transfer space for the water closet.   The
2   dryer string is mounted too high and not located next to a clear
3   floor space.

4                   (7) The roll-in shower in improperly
5   configured and lacks a fixed shower seat.   The shower wand
6   requires pinching and twisting to adjust.   The shower is not
7   wide enough and lacks required grab bars.

8                   (8) The HVAC controls are mounted too high
9   and not situated next to a clear floor space.

10                  (9) Curtain batons are not placed within
11  the required reach range, and one of the pair is not located
12  next to a clear floor space.

13                  (10) The closet does not have the required
14  clear opening, and restricts access to amenities within the
15  closet, including the iron and ironing board.

16                  (11) Lamps required grasping, twisting and
17  pinching to operate.

18                  (12) The desk lacks required knee space, and
19  electrical receptacles are not accessible.

20      13.   On information and belief, multiple other
21  facilities throughout the hotel also lack required disabled
22  access, including, but not limited to:

23                  (a)   The paths of travel and ramps throughout the
24  restaurant.

25                  (b)   Bar, sales, car-rental and registration and
26  service counters.

27                  (c)   Fitness center facilities.

28                  (d)   House telephones.

1              (e)   Restaurants facilities.

2              (f)   Business center facilities.

3   Each of these facilities have not been fully inspected by

4   plaintiffs' legal representatives.   These facilities require

5   measurements and other means of formal access through discovery

6   procedures.

7          14.  As a result of the actions and failure to act of

8   defendants, and each of them, and as a result of the failure to

9   provide appropriate disabled accessible guestrooms and hotel

10  amenities, plaintiffs each suffered and will suffer a loss of

11  their civil rights to full and equal access to public

12  facilities, suffered strain and exhaustion from attempting to

13  negotiate barriers as well as pain and discomfort, and will

14  suffer emotional distress, mental distress, mental suffering,

15  mental anguish, which includes that shame, humiliation,

16  embarrassment, anger, chagrin, disappointment and worry,

17  normally and naturally expected and associated with a person

18  with a physical disability being denied access to a public

19  accommodation, all to their damages as prayed hereinafter in an

20  amount within the jurisdiction of this court.

21          15.  Plaintiffs each regularly visit the area and have

22  been denied access at the hotel, or have been deterred from

23  utilizing its facilities. Plaintiffs would like to return and

24  use the subject Grand Kyoto on a planned or spontaneous basis,

25  but are unable to enjoy the safe full and equal access to which

26  they are entitled.   The barriers to disabled access that deter

27  plaintiffs' return are permanent physical barriers.   For

28  instance, the total absence of an accessible guestroom on the

property and with full amenities available elsewhere in the hotel.

16.  On information and belief, a number of facilities in the subject building have been remodeled during the statutory period since July 1, 1970, triggering accessible "path of travel" requirements to each area of alteration, which includes, but is not limited to, accessible public sanitary facilities and a path of travel, complying with ADA and Title 24 standards.  On information and belief, defendants have not complied with these legal obligations.

17.  The "removal" of each of these barriers to use by disabled persons was "readily achievable" under the standards of Section 301(9) of the Americans With Disabilities Act of 1990 [42 U.S.C. 12181] at all times herein relevant.  Section 303 of the ADA [42 U.S.C. 12183] and California law also required the removal of all such barriers upon performance of "alterations."

18.  On information and belief, defendants continue to the present date to deny "full and equal access" to plaintiff and to all other disabled persons, in violation of California law, including Health & Safety Code Sections 19955 *et seq.*, Civil Code Sections 54 and 54.1, and Title 24 of the California Code of Regulations (a.k.a. California Building Code).  Further, such denial of access to disabled persons also violates the requirements of Title III of the federal Americans With Disabilities Act of 1990, Sections 301 et seq. [42 U.S.C., §§ 12181 et seq.] (Hereinafter also called the "ADA").

////

**FIRST CAUSE OF ACTION:**

**BREACH OF STATUTORY PROTECTIONS FOR PHYSICALLY DISABLED PERSONS**

19.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 18, above.

20.   Plaintiffs are each physically disabled under standards as defined by all California statutes using these terms.   Plaintiffs are also each an "individual with a disability" as defined by Section 54(b) Civil Code, as well as Section 3(2) of the ADA.   Each violation of the ADA, as plead hereinafter, is incorporated by reference as a separate violation of Sections 54(c) and 54.1(d) California Civil Code.

21.   Health & Safety Code Section 19955 provides in pertinent part:

> (a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.   For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

22.   Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

23.   Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations

1  constructed or altered after that date.  On information and

2  belief, portions of the subject Grand Kyoto were constructed

3  and/or altered after July 1, 1970, and portions of the subject

4  building were structurally remodeled, altered and have undergone

5  structural repairs or additions after July 1, 1970.  Such

6  construction required such building and its public accommodation

7  facilities to be subject to the requirements of Part 5.5,

8  Sections 19955, et seq., of the Health and Safety Code, which

9  requires provision of access upon "alterations, structural

10  repairs or additions" per Section 19959 Health & Safety Code, or

11  upon a change of occupancy (a form of "alteration").

12       24.  Pursuant to the authority delegated by Government

13  Code Section 4450, et seq., the State Architect promulgated

14  regulations for the enforcement of these provisions.  Effective

15  January 1, 1982, Title 24 of the California Administrative Code

16  adopted the California State Architect's Regulations and these

17  regulations must be complied with as to any modifications of the

18  subject building and its facilities occurring after that date.

19  Any alterations of the building after January 1, 1982 required

20  compliance with the Title 24 regulations then in effect,

21  including that an accessible path of travel leading to such

22  facility from the adjoining public right of way.  Prior to 1982,

23  similar requirements were incorporated into the law from the

24  American Standards Association.  On information and belief, one

25  or more of the constructions of and alterations upon and

26  modifications of the subject facilities occurred during the

27  period of time that sections of the Health and Safety Code have

28  provided that all buildings and facilities used by the public

1    must conform to each of the standards and specifications

2    described in the American Standards Association Specifications,

3    or, as to construction occurring after January 1, 1982, to the

4    standards of Title 24, the State Architect's Regulations.

5          25.  Plaintiffs are informed and believe and therefore

6    allege that defendants, and their predecessors in interest as

7    owners, operators and/or lessors of the subject public

8    accommodation (for which the defendants as current owners,

9    operators and/or lessors of the building are responsible), and

10   each of them caused the subject property to be constructed,

11   altered and maintained in such a manner that physically disabled

12   persons were denied full and equal access to, within and

13   throughout said facilities, and full and equal use of said

14   building.  Further, on information and belief, defendants and

15   each of them have continued to maintain and operate such

16   building and its facilities in such condition up to the present

17   time, despite actual and constructive notice to such defendants,

18   and each of them (which includes plaintiffs' discussions with

19   hotel personnel, as well as their letters to defendants on June

20   6, 2005 and July 15, 2005) that the configuration of the

21   building were in violation of the Civil Rights of disabled

22   persons, such as plaintiffs. Such construction, modification,

23   ownership, operation, maintenance and practices of such a public

24   facility is in violation of law as stated in Part 5.5, Sections

25   19955ff Health and Safety Code, Sections 54 and 54.1, et seq.,

26   Civil Code, and elsewhere in the laws of California.

27         26.  On information and belief, the subject building

28   and the defendants and each of them have denied full and equal

Complaint for Injunctive Relief and Damages                — 13 —

1   access to disabled persons in other respects due to non-
2   compliance with requirements of Title 24 of the California Code
3   of Regulations, and of other provisions of disabled access legal
4   requirements.   Additionally, maintaining the barriers specified
5   in this complaint is independently a violation of both Title 24
6   of the California Building Code, and of Sections 54 and 54.1
7   Civil Code and their guarantee of "full and equal" access to all
8   public facilities (as pled in the third cause of action, and
9   also repleads and incorporated herein by reference, as if fully
10  restated hereafter), in conjunction with Section 19955ff, per
11  James Donald v. Cafe Royalé (1990) 218 Cal.App.3d 168.

12      27.   Injunctive Relief - The acts and omissions of
13  defendants as complained of continue to have the effect of
14  allowing defendants to wrongfully exclude plaintiffs, and other
15  similarly situated members of the public who are physically
16  disabled, from full and equal access to the subject Grand Kyoto.
17  Such acts and omissions are the continuing cause of humiliation
18  and mental and emotional suffering to plaintiffs and other
19  similarly situated persons in that these actions treat them as
20  inferior and second class citizens and serve to discriminate
21  against them, so long as defendants do not provide a properly
22  accessible, safe and equal use of such facilities.   Said acts
23  have proximately caused and will continue to cause irreparable
24  injury to plaintiffs and other similarly situated persons if not
25  enjoined by this court.

26      28.   Plaintiffs seek injunctive relief, pursuant to
27  Section 19953 Health and Safety Code and Section 55 Civil Code,
28  prohibiting those of the defendants that currently own, operate,

1   and/or  lease  (from  or  to)  the  subject  Grand  Kyoto,  from

2   maintaining  architectural  barriers  to  the  use  by  disabled

3   persons of public accommodations and facilities, in violation of

4   Part  5.5,  Sections  19955ff  Health  and  Safety  Code.   Plaintiffs

5   seek  to  require  such  defendants  to  create  safe  and  properly

6   accessible facilities.

7          29.  Attorneys' Fees - As a result of defendants' acts

8   and  omissions  in  this  regard,  plaintiffs  have  been  required  to

9   incur  legal  expenses  and  hire  attorneys  in  order  to  enforce

10  plaintiffs'  rights  and  those  of  other  similarly  situated

11  persons, and to enforce provisions of the law protecting access

12  for  the  disabled,  and  prohibiting  discrimination  against  the

13  disabled, and to take such action both in their own interest and

14  in  order  to  enforce  an  important  right  affecting  the  public

15  interest.   Plaintiffs therefore seek recovery of all reasonable

16  attorneys'  fees,  litigation  expenses  and  costs  incurred,

17  pursuant  to  the  provisions  of  Section 1021.5  of  the  Code  of

18  Civil Procedure.   Plaintiffs additionally seek attorneys' fees

19  and costs pursuant to Section 19953 Health and Safety Code.

20          WHEREFORE,  plaintiffs  pray  for  relief  as  hereinafter

21  stated.

22  ////

23

24

25

26

27

28

1

**SECOND CAUSE OF ACTION:**

2

**VIOLATION OF DISABLED RIGHTS ACT,**

3

**CIVIL CODE §§ 54, 54.1, 54.3 ET SEQ.**

4

**DENIAL OF FULL AND EQUAL ACCESS TO A PHYSICALLY DISABLED PERSON**

5

      30.   Plaintiffs replead and incorporate, as if fully

6

set forth again herein, the allegations contained in paragraphs

7

1 through 29, above.

8

      31.   At all times relevant to this action, California

9

Civil Code Sections 54 and 54.1 have provided that physically

10

disabled persons are not to be discriminated against because of

11

physical handicap or disability.    Section 54 Civil Code

12

provides:

13

               Individuals with disabilities shall

14

             have the same right as the general public

15

             to the full and free use of the streets,

16

             highways, sidewalks, walkways, public

17

             buildings, public facilities, including

18

             hospitals, clinics, and physicians'

19

             offices, public facilities, and other

20

             public places.

21

Section 54.1 Civil Code provides that:

22

             (a)(1) Individuals with disabilities

23

             shall be entitled to full and equal

24

             access, as other members of the general

25

             public, to accommodations, advantages,

26

             facilities, medical facilities...   and

27

             privileges of all common carriers,

28

             airplanes, motor vehicles... or any other

public conveyances or modes of transportation... hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

32. California Civil Code Section 54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Section 54 and 54.1 Civil Code is liable for EACH such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in Sections 54 and 54.1, for services necessary to enforce those rights.

33. As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate disabled accessible guestrooms and hotel amenities, plaintiffs each suffered and will suffer a loss of their civil rights to full and equal access to public facilities, suffered strain and exhaustion from attempting to negotiate barriers as well as pain and discomfort, and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes

1  that shame, humiliation, embarrassment, anger, chagrin,

2  disappointment and worry, normally and naturally expected and

3  associated with a person with a physical disability being

4  denied access to a public accommodation, all to their damages

5  as prayed hereinafter in an amount within the jurisdiction of

6  this court.

7        34.  Plaintiffs are each persons within the meaning of

8  Civil Code Sections 54 and 54.1 whose rights have been infringed

9  upon and violated by the defendants.  Plaintiffs have been

10  denied full and equal access during the period within two years

11  before the filing of the complaint, and on each specific date of

12  potential use in which full and equal access to such facility

13  was denied or deterred.  On information and belief, defendants

14  have failed to act to provide full and equal public access to

15  their subject hotel, and continue to operate in violation of the

16  law and continue to discriminate against physically disabled

17  persons by failing to allow access to their building, and make

18  reasonable modifications in policy respecting servicing the

19  disabled who cannot enter or use facilities on a full and equal

20  basis.

21        35.  At all times relevant, defendants were on notice

22  of the requirements of the law relating to provision for full

23  and equal disabled access.  Especially as defendants were on

24  full notice, each date that plaintiffs' visits the area that

25  defendants have continued to deny access to disabled persons

26  constitutes a new and distinct violation of each plaintiff's

27  right to full and equal access to this public facility, in

28  violation of Sections 54 and 54.1, et seq. Civil Code.  In the

1   event of a default judgment against any particular defendant,

2   each plaintiff will seek an injunction requiring provision of

3   accessible entrance, parking, guestroom, garden, and other

4   amenities (all as identified in paragraphs 12 through 13,

5   above), plus damages of $4,000 damages per incident of denial

6   and/or deterrence, plus reasonable attorneys' fees, litigation

7   expenses and costs as set by the court, until it is brought into

8   full compliance with state and federal access laws protecting

9   the rights of the disabled.

10          36.   Each plaintiff has been damaged by defendants'

11  wrongful conduct and seek the relief that is afforded by

12  Sections 54.1, 54.3 and 55 of the Civil Code.   Each plaintiff

13  seeks actual damages, and statutory and treble damages against

14  defendants for all periods of time mentioned herein.   As to

15  those of the defendants that currently own, operate, and/or

16  lease (from or to) the subject hotel, plaintiffs seek

17  preliminary and permanent injunctive relief to enjoin and

18  eliminate the discriminatory practices and barriers that deny

19  equal access for disabled persons, and for reasonable attorneys'

20  fees.

21          37.   WHEREFORE, plaintiffs ask this Court to enjoin

22  any continuing refusal by the defendants that currently own,

23  operate, and or lease (from or to) the subject Grand Kyoto, to

24  grant such access to plaintiffs and other similarly situated

25  disabled persons, or alternatively to enjoin operation of the

26  subject Grand Kyoto as a public accommodation until such

27  defendants comply with all applicable statutory requirements

28  relating to access to physically disabled persons, and that the

Complaint for Injunctive Relief and Damages

1  Court award plaintiffs their reasonable statutory attorneys'

2  fees, litigation expenses and costs pursuant to Civil Code

3  Section 55, Code of Civil Procedure Section 1021.5, and Health &

4  Safety Code Section 19953, and as further prayed for herein.

5      WHEREFORE, plaintiffs pray for damages and injunctive

6  relief as hereinafter stated.

7

8              **THIRD CAUSE OF ACTION:**

9  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

10              **42 USC §§ 12101ff**

11      38.  Plaintiffs replead and incorporate, as if fully

12  set forth again herein, the factual allegations contained in

13  paragraphs 1 through 37, above.

14      39.  Pursuant to law, in 1990 the United States

15  Congress made findings per 42 U.S.C. Section 12101 regarding

16  physically disabled persons, finding that laws were needed to

17  more fully protect "some 43 million Americans with one or more

18  physical or mental disabilities;" that "historically society has

19  tended to isolate and segregate individuals with disabilities;"

20  that "such forms of discrimination against individuals with

21  disabilities continue to be a serious and pervasive social

22  problem;" that "the Nation's proper goals regarding individuals

23  with disabilities are to assure equality of opportunity, full

24  participation, independent living and economic self sufficiency

25  for such individuals;" and that "the continuing existence of

26  unfair and unnecessary discrimination and prejudice denies

27  people with disabilities the opportunity to compete on an equal

28  basis and to pursue those opportunities for which our free

1   society is justifiably famous..."

2        40.   Congress stated as its purpose in passing the

3   Americans with Disabilities Act (42 USC § 12101(b)):

4             It is the purpose of this act —

5                  (1)   to   provide   a   clear   and

6             comprehensive   national   mandate   for   the

7             elimination   of   discrimination   against

8             individuals with disabilities;

9                  (2)   <u>to   provide   clear,   strong,</u>

10            <u>consistent,      enforceable      standards</u>

11            addressing      discrimination      against

12            individuals with disabilities;

13                 (3)   to   ensure   that   the   Federal

14            government   plays   a   central   role   in

15            enforcing   the   standards   established   in

16            this   act   on   behalf   of   individuals   with

17            disabilities; and

18                 (4)   to   invoke   the   sweep   of

19            Congressional   authority,   including   the

20            power to enforce the 14th Amendment and to

21            regulate commerce, in order to <u>address the</u>

22            <u>major areas of discrimination faced day to</u>

23            <u>day   by   people   with   disabilities</u>.

24            (Emphasis added)

25        41.   As part of the Americans with Disabilities Act,

26   Public Law 101-336, (hereinafter the "ADA"), Congress passed

27   "Title III - Public Accommodations and Services Operated by

28   Private Entities" (42 U.S.C 12181ff).   Among "private entities"

1    which are considered "public accommodations" for purposes of
2    this title are identified as "an inn, hotel, motel, or other
3    place of lodging," and "a restaurant, bar or other establishment
4    serving food or drink," and "an auditorium, convention center,
5    lecture hall, or other place of public gathering." (§§ 301(7),
6    (A)-(B), and (D) [42 U.S.C. 12181].)

7          42.  Pursuant to Section 302 [42 U.S.C 12182], "[n]o
8    individual shall be discriminated against on the basis of
9    disability in the full and equal enjoyment of the goods,
10   services, facilities, privileges, advantages, or accommodations
11   of any place of public accommodation by any person who owns,
12   leases, or leases to, or operates a place of public
13   accommodation."

14         43.  Among the general prohibitions of discrimination
15   included in Section 302(b)(1)(A) are the following:

16               § 302(b)(1)(A)(i):    "DENIAL    OF
17               PARTICIPATION.   —   It   shall   be
18               discriminatory to subject an individual or
19               class of individuals on the basis of a
20               disability or disabilities of such
21               individual or class, directly, or through
22               contractual,   licensing,   or   other
23               arrangements, to a denial of the
24               opportunity of the individual or class to
25               participate in or benefit from the goods,
26               services,    facilities,    privileges,
27               advantages, or accommodations of an
28               entity."

1    § 302(b)(1)(A)(ii): "PARTICIPATION IN

2    UNEQUAL    BENEFIT —    It    shall    be

3    discriminatory to afford an individual or

4    class of individuals, on the basis of a

5    disability   or   disabilities   of   such

6    individual or class, directly, or through

7    contractual,    licensing,    or    other

8    arrangements  with  the  opportunity  to

9    participate  in  or  benefit  from  a  good,

10   service,  facility,  privilege,  advantage,

11   or accommodation that is not equal to that

12   afforded to other individuals."

13   § 302(b)(1)(A)(iii):    "SEPARATE

14   BENEFIT. — It shall be discriminatory to

15   provide   an   individual   or   class   of

16   individuals, on the basis of a disability

17   or  disabilities  of  such  individual  or

18   class,  directly,  or  through  contractual,

19   licensing,  or  other  arrangements  with  a

20   good,    service,    facility,    privilege,

21   advantage,   or   accommodation   that   is

22   different  or  separate  from  that  provided

23   to  other  individuals,  unless  such  action

24   is  necessary  to  provide  the  individual  or

25   class of individuals with a good, service,

26   facility,    privilege,    advantage,    or

27   accommodation,  or  other  opportunity  that

28   is   as   effective   as   that   provided   to

1    others."

2         44.    Among   the   specific   prohibitions   against

3    discrimination in the ADA include the following:

4                     § 302(b)(2)(A)(ii): "A   failure   to

5                make  reasonable  modifications  in  policies,

6                practices   or   procedures   when   such

7                modifications  are  necessary  to  afford  such

8                goods,   services,   facilities,   privileges,

9                advantages   or   accommodations   to

10               individuals with disabilities..."

11                    § 302(b)(2)(A)(iii): "A   failure   to

12               take  such  steps  as  may  be  necessary  to

13               ensure that no individual with a disability

14               is excluded, denied services, segregated or

15               otherwise  treated  differently  than  other

16               individuals  because  of  the  absence  of

17               auxiliary  aids  and  services,  unless  the

18               entity  can  demonstrate  that  taking  such

19               steps would fundamentally alter the nature

20               of  the  good,  service,  facility,  privilege,

21               advantage,  or  accommodation  being  offered

22               or would result in an undue burden;"

23                    § 302(b)(2)(A)(iv): "A   failure   to

24               remove   architectural   barriers,   and

25               communication barriers that are structural

26               in   nature,   in   existing   facilities...

27               where such removal is readily achievable;"

28                    § 302(b)(2)(A)(v): "Where   an   entity

can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

45. The removal of _each_ of the barriers complained of by plaintiff as hereinabove alleged were — at all times on or after January 26, 1992 — "readily achievable."

46. Further, at all times herein mentioned, modification of or removal of these barriers was "readily achievable" under the factors specified in the Americans with Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and the Regulations adopted thereto.

47. Further, if defendants are collectively able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable, as required by Section 302 of the ADA [42 U.S.C. 12182].

48. "Discrimination" is further defined under

1   Section 303(a)(2) of the ADA, for a facility or part thereof
2   that was altered after the effective date of Section 303 of the
3   ADA in such a manner as to affect or that could affect the
4   usability of the facility or part thereof by persons with
5   disabilities, to include per Section 303(a)(2) [42 U.S.C.
6   12183], "a failure to make alterations in such a manner that, to
7   the maximum extent feasible, the altered portions of the
8   facility are readily accessible to and usable by individuals
9   with disabilities, including individuals who use wheelchairs."
10  Additionally, for alterations to areas of a facility involving a
11  "primary function," discrimination under the ADA, per Section
12  303(a)(2) (42 U.S.C. 12183), also includes the failure of an
13  entity "to make the alterations in such a manner that, to the
14  maximum extent feasible, the path of travel to the altered area
15  and the bathrooms, telephones, and drinking fountains serving
16  the altered area, are readily accessible to and usable by
17  individuals with disabilities."  On information and belief, the
18  subject building constitutes a "commercial facility," and
19  defendants have, since the date of enactment of the ADA,
20  performed alterations (including alterations to areas of primary
21  function) to the subject building and its facilities, public
22  accommodations, and commercial facilities, which fail to provide
23  facilities and paths of travel to such areas that are readily
24  accessible to and usable by individuals with disabilities, in
25  violation of Section 303(a)(2), and the regulations promulgated
26  thereunder, 28 CFR Part 36ff.
27       49.  Pursuant to the Americans with Disabilities Act,
28  42 USC 12188ff, Section 308, plaintiffs is entitled to the

1   remedies and procedures set forth in Section 204, subsection

2   (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at

3   subsection (a)), as plaintiffs are being subjected to

4   discrimination on the basis of disability in violation of this

5   title or has reasonable grounds for believing that they is about

6   to be subjected to discrimination in violation of Sections 302

7   and 303.   On information and belief, defendants continue to

8   violate the law and deny the rights of plaintiffs and of other

9   disabled persons to access this public accommodation.   Pursuant

10  to   Section 308(a)(2),   "[i]n   cases   of   violations   of

11  Section 302(b)(2)(A)(iv)... injunctive relief shall include an

12  order to alter facilities to make such facilities readily

13  accessible to and usable by individuals with disabilities to the

14  extent required by this title."

15          50.   As a result of defendants' acts and omissions in

16  this regard, plaintiff has been required to incur legal expenses

17  and attorney fees, as provided by statute, in order to enforce

18  each plaintiff's rights and to enforce provisions of the law

19  protecting access for disabled persons and prohibiting

20  discrimination against disabled persons.   Plaintiffs therefore

21  seek recovery of all reasonable attorneys' fees, litigation

22  expenses (including expert fees) and costs, pursuant to the

23  provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

24  Department of Justice's regulations for enforcement of Title III

25  of the ADA (28 CFR 36.505).   Additionally, plaintiffs' lawsuit

26  is intended not only to obtain compensation for damages to

27  plaintiffs, but also to require the defendants to make their

28  facilities accessible to all disabled members of the public,

Complaint for Injunctive Relief and Damages                    — 27 —

1   justifying "public interest" attorneys' fees pursuant to the

2   provisions of California Code of Civil Procedure Section 1021.5.

3       WHEREFORE, plaintiffs pray that this Court grant

4   relief as hereinafter stated:

5

6                    **FOURTH CAUSE OF ACTION:**

7       **DAMAGES AND INJUNCTIVE RELIEF UNDER THE DISABLED RIGHTS ACT**

8   **FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

9       51.   Plaintiffs replead and incorporate by reference,

10  as if fully set forth again herein, the allegations contained in

11  paragraphs 1 through 50 of this complaint.

12      52.   Each violation of the Americans With Disabilities

13  Act of 1990, as complained of in the Third Causes of Action

14  hereinabove (the contents of which causes of action have been

15  incorporated herein as if separately restated word for word

16  hereafter), is also a violation of section 54(c) and section

17  54.1(d) California Civil Code, further and independently

18  justifying damages, injunctive relief, and other statutory

19  relief per sections 54.3 and 55 California Civil Code, all as

20  previously pled.

21      53.   As a result of defendants' acts and omissions in

22  this regard, each plaintiff has been required to incur legal

23  expenses and attorney fees, as provided by statute, in order to

24  enforce each plaintiff's rights and to enforce provisions of the

25  law protecting access for disabled persons and prohibiting

26  discrimination against disabled persons.  Plaintiffs therefore

27  seek recovery of all reasonable attorneys' fees, litigation

28  expenses (including expert fees) and costs, pursuant to the

provisions of Section 55 of the Civil Code. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiffs pray for damages and injunctive relief as hereinafter stated.

### FIFTH CAUSE OF ACTION:

**DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT FOR VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

54. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

55. Each violation of the Americans With Disabilities Act of 1990, as complained of in the Third Causes of Action hereinabove (the contents of which causes of action have been incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, injunctive relief, and other statutory relief per Section 52 and common law decision.

56. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce each plaintiff's rights and to enforce provisions of the law

protecting    access    for    disabled    persons    and    prohibiting
discrimination against disabled persons.   Plaintiffs therefore
seek  recovery  of  all  reasonable  attorneys'  fees,  litigation
expenses  (including  expert  fees)  and  costs,  pursuant  to  the
provisions  of  Section  55  of  the  Civil  Code.   Additionally,
plaintiffs'  lawsuit  is  intended  not  only  to  obtain  compensation
for  damages  to  plaintiffs,  but  also  to  require  the  defendants  to
make  their  facilities  accessible  to  all  disabled  members  of  the
public,  justifying  "public  interest"  attorneys'  fees  pursuant  to
the  provisions  of  California  Code  of  Civil  Procedure  Section
1021.5.

WHEREFORE,  plaintiffs  pray  for  damages  and  injunctive
relief as hereinafter stated.


### SIXTH CAUSE OF ACTION:

### VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
### UNFAIR COMPETITION THROUGH VIOLATION OF CALIFORNIA AND STATE LAW
### PROTECTING THE RIGHTS OF DISABLED PERSONS

57.   Plaintiffs  replead  and  incorporate  by  reference,
as  if  fully  set  forth  again  herein,  the  factual  allegations
contained in paragraphs 1 through 56 of this complaint.

58.   On  a  yearly  basis,  the  defendants  are  engaged  in
the  business  of  providing  hotel  services  and  facilities  at  the
Grand Kyoto throughout the year.

59.   Plaintiffs  have  incurred  actual  injury  and  is  out
of  pocket  for  the  experience.   Defendants'  unfair  practice  lures
unsuspecting  disabled  customers  such  as  plaintiffs  to  book  rooms
at  the  hotel,  who  expect  to  be  able  to  rent  an  accessible  room.

1   Because of the advance planning required to find an accessible
2   hotel, defendants representations place plaintiffs in untenable
3   position only after its too late.   Only upon arrival and
4   obligation (and the incurrence of great inconvenience) do they
5   learn that defendants falsely advertise the "accessibility" of
6   their rooms.

7          60.   Commencing within three years of the date of the
8   original complaint filed in this action, the defendants have
9   committed acts of unfair competition, as defined by Business and
10  Professions Code section 17200, by providing facilities that are
11  inaccessible to the disabled members of the general public,
12  including, but not limited to the acts facilities beginning at
13  paragraph 12, above, all in violation of standards of sections
14  54 and 54.1 et seq. Civil Code; Title 24 of the California
15  Administrative Code; sections 4450-4456 Government Code;
16  sections 19952, 19953 and 19955-19959 Health & Safety Code;
17  Title III of the Americans With Disabilities Act of 1990; and
18  the Americans With Disabilities Act Access Guidelines.

19         61.   The acts and practices of the defendants are
20  likely to continue and therefore will continue to mislead the
21  general public as to the true cost of providing the specified
22  goods and services and their expected availability to members of
23  the public with physical disabilities pursuant to law.

24         62.   As a direct and proximate result of the
25  defendants' conduct, defendants have received and continue to
26  receive unfair profits that rightfully belong to members of
27  general public who have been adversely affected by defendants'
28  conduct, such as plaintiff.

Complaint for Injunctive Relief and Damages

63.   Plaintiffs have no adequate remedy at law, and unless the relief requested herein is granted, plaintiff will suffer irreparable harm in that Grand Kyoto will continue to be discriminated against and denied access to the specified public facilities.   Because plaintiffs seek improvement of access for persons with disabilities, which will benefit a significant portion of the public, plaintiffs seek recovery of reasonable attorneys' fees pursuant to sections 52, 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure, section 19953 Health & Safety Code, and section 505 of the Americans with Disabilities Act.

Wherefore, plaintiffs pray that the court grant relief as requested herein below.

### SEVENTH CAUSE OF ACTION:

### VIOLATION OF GOVERNMENT CODE SECTION 12948

64.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 63 of this complaint.

65.   Defendants' actions are in violation of Government Code Section 12948, and the corresponding Civil Code Sections 51, 54, and 54.1.

66.   Plaintiffs seek injunctive relief, statutory and compensatory damages, punitive damages, and attorneys fees under the FEHA.

Wherefore, plaintiffs pray that the court grant relief as requested herein below.

////

**EIGHTH CAUSE OF ACTION:**

**NEGLIGENCE PER SE IN INJURING PLAINTIFFS DUE TO VIOLATIONS OF STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE INDIFFERENCE TO THE CERTAIN RESULT**

67.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 66 of this complaint.

68.   Defendants' actions, as previously pled, constitute negligence per se, as they constitute violations of state and federal laws protecting the rights and safety of disabled persons such as plaintiffs.

69.   Further, any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately restated hereafter), also constitutes a violation of Section 54(c) and Section 54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law on this basis, including but not limited to Civil Code Sections 54.3 and 55.

Wherefore, plaintiffs pray that the court grant relief as requested herein below.


**NINTH CAUSE OF ACTION:**

**(Declaratory Relief)**

70.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint and incorporates them

1   herein as if separately repled.

2      71.   A present and actual controversy exists among the

3   respective rights and obligations of plaintiffs and defendants,

4   and separately, as to the obligations that have been impressed

5   by the aforementioned statutes against the hotel property

6   irrespective of past or future ownership.   Plaintiffs request a

7   judicial determination of their rights and such obligations in a

8   declaration, and also as to whether and to what extent

9   defendants' conduct and the current configuration of the

10  property violates applicable law.

11     72.   Such a declaration is necessary and appropriate

12  at this time in order that plaintiffs may ascertain their

13  rights.   Such declaration is further necessary and appropriate

14  to prevent further harm or infringement of plaintiffs' Civil

15  Rights.

16     Wherefore, plaintiffs pray the court grant relief as

17  requested hereinbelow.

18

19                              **PRAYER**

20     WHEREFORE, plaintiffs pray for an award and relief as

21  follows:

22     1.   That the Grand Kyoto be declared a public

23  nuisance, and that those of the defendants that currently own,

24  operate, and or lease (from or to) the subject Grand Kyoto and

25  its facilities be preliminarily and permanently enjoined from

26  operating and maintaining these public facilities as public

27  accommodations and commercial facilities, so long as disabled

28  persons are not provided full and equal access to the

1   accommodations and facilities, in violation of provided by

2   Sections 54, 54.1, and 55 et seq., of the Civil Code, Sections

3   19955 et seq. Health & Safety Code, Sections 4450, et seq.

4   Government Code, the American Standard Specifications

5   (A117.1961), or such other standards, including those of the

6   State Architect's Regulations for Handicapped Access, as found

7   in Title 24 of the California Code of Regulations or other

8   regulations as are currently required by law; and that

9   defendants be ordered to come into compliance with the Americans

10  with Disabilities Act of 1990, including an order that those of

11  the defendants that currently own, operate, and/or lease (from

12  or to) the subject Grand Kyoto, _inter_ _alia_, "alter the subject

13  facilities to make such facilities readily accessible to and

14  usable by individuals with disabilities," and institute

15  reasonable modifications in policies and practices, per

16  Section 308 of Public Law 101-336 (the ADA);

17        2.   General, compensatory, and statutory damages, and

18  all damages as afforded by Civil Code Sections 54.3, including

19  treble damages, for each violation and each date of use or

20  deterrence, according to proof.

21        3.   General, compensatory, and statutory damages, and

22  all damages as afforded by Civil Code Sections 52, including

23  treble damages, for each violation and each date on which

24  defendants have denied to plaintiffs equal access for the

25  disabled under Title III of the ADA, according to proof.

26        4.   During the pendency of this action, a preliminary

27  injunction issue pursuant to Business and Professions Code

28  section 17203 to enjoin and restrain defendants from the acts of

**Complaint for Injunctive Relief and Damages**

1  unfair competition set forth above;

2      5.   A permanent injunction pursuant to Business and
3  Professions Code section 17203 restraining and enjoining the
4  defendants from continuing the acts of unfair competition set
5  forth above;

6      6.   Attorney's fees, litigation expenses and costs
7  pursuant to Sections 54.3 and 55 of the Civil Code,
8  Section 19953 Health & Safety Code, Section 1021.5 Code of Civil
9  Procedure, Section 505 of the ADA, and California's UCL;

10     7.   Punitive damages pursuant to Section 3294 Civil
11 Code (Re: Seventh and Eighth Causes of Action);

12     8.   For all costs of suit;

13     9.   Prejudgment interest pursuant to Section 3291 of
14 the Civil Code;

15     10.  Such other and further relief as the Court deems
16 just and proper.

17

18 Dated: February 28, 2010        THIMESCH LAW OFFICES
                                  TIMOTHY S. THIMESCH
19

20

21                                _____
                                  Attorneys for Plaintiffs
22                                HUGH MARSH & NEVA LEMA

23 ////

24

25

26

27

28

1

2

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: February 28, 2010

By: TIMOTHY S. THIMESCH
Attorneys for Plaintiffs